## HEATH'S ADM'R vs. ASHLEY'S ADM'R ET AL.

1. A decree in a chancery cause against an infant, for want of answer, and without proof of the statements of the bill, is altogether erroneous.

2. That a day must be given to an infant, after he comes of age, to appear and show cause against a decree, has the sanction of high authority, but it is not admitted that the rule prevails in our practice. When this question is to be passed upon, it will require a wider range of investigation than the mere examination of books, showing that it has been adopted, and generally adhered to in the English courts of chancery.

---

Heath's adm'r vs. Ashley's adm'r et al.

---

## ERROR to Benton Circuit Court.

### STATEMENT OF THE CASE.

This was a suit instituted in chancery in 1847, by Browder as administrator of Jas. Heath's estate against Lay as administrator of Ashley's estate and eleven others, widow and heirs of Ashley, and nine of whom were infants.

The object of the bill is to subject certain lands to the payment of a portion of the purchase money of the same. The bill alleges that Jonas Heath was part owner of these lands, and sold his interest in the same to Ashley for the sum of $2,500, and that only $1,900 of which had been paid. That Browder as administrator of Heath's estate, obtained judgment against Lay as administrator o Ashley's estate for the sum of $780 for the balance of such purchase money.

A guardian ad litem was regularly and duly appointed for the nine infant defendants, but no answer was filed for them, nor was there any answer filed by any of the defendants. A decree nisi by default was rendered which was afterwards made final, and the lands decreed to be sold pursuant to the prayer of the bill for the payment of said balance of the purchase money.

The bill was taken as confessed and the decree rendered on the facts therein stated, and no other evidence or proof whatever was taken. The guardian ad litem for the infants objected to the rendition of this final decree without proof of the demand, and during the day on which the final decree was rendered, he filed a motion to set the decree aside and grant a new hearing, assigning as reasons therefor:

1st. Because complainant did not offer any evidence to support the bill.

2nd. Because there were no exhibits filed with the bill or offered in evidence.

3rd. Because there is no equity in the bill.

This motion was by the court overruled, the decision excepted to and bill of exceptions filed.

## HAYDEN & WRIGHT, for plaintiffs in error.

1st. The decree rendered is objected to, as being erroneous in this. First, no answer was filed by the infants, and the decree was rendered against them solely by default and no proof whatever was taken of the demand, or allegations in the bill; without such proof no valid decree can be rendered against infants: Mills vs. Dennis and others, 3 Johnson's Chancery Reports 367; Massie's heirs vs. Donoldson 8 Ohio Reports, 377; Hough & others vs. Doyle, and same vs. Canby, 8 Blackford's Ia. R. 300 and 301; Hargrave vs. Martin, 6 Smede and Marshall Miss. Reps. 61.

2nd. In the decree no day was given to the infants to show cause, &c., after they became of age. This should have been done: see 2nd P. Williams R. 401 to 403; Mills vs. Dennis above quoted; see Williams vs. Stratton, 10 Miss. 418.

## WINSTON, for defendants in error.

1st. I presume the only point in this case is whether the court below committed error in taking the bill as confessed against that portion of the defendants who were infants, and in rendering a final decree against them without requiring the complainant to give any proof of the matters in the bill. The defendant in error contends that as the defendants below suffered

a decree *nisi* to go, and then an absolute decree to be rendered in the court below and refused to put in any answer, they have no right to complain that the decree was rendered absolute and the bill taken for confessed as against them.

2nd. The defendant in error contends that a writ of error does not lie in chancery, and that therefore this cause should be dismissed.

GAMBLE, J., delivered the opinion of the court.

A decree in a chancery cause against an infant, for want of answer and without proof of the statements of the bill, is altogether erroneous. Chancellor Kent in Mills vs. Dennis 3 John C. R. 367, states the rule clearly and concisely.

The second point made in this case; that the decree is erroneous because no day was given to the infant, after he came of age, to appear and show cause against the decree; has the sanction of the same high authority, but I am not prepared to admit, that, that rule, though it prevails in the courts of chancery in England, is to be introduced into our practice. It is not necessary to the determination of this case, upon the present writ of error, that this question should be decided, and when it is to be pressed upon, it will require a wider range of investigation, than the mere examination of books, showing that it has been adopted and generally adhered to in the English courts of chancery.

The decree is reversed and the cause remanded.